UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

JEFFREY JEFFERS,

                     Plaintiffs,

- against -

THE CITY OF NEW YORK; C.O. MOORE, #3822, In Her Official and Individual Capacity; C.O. LEE, #3238 In Her Official and Individual Capacity Both Corrections Officers For D.O.C N.Y.,

                     Defendants.

ORDER
13-CV-3305(JG)

JOHN GLEESON, United States District Judge:

      On June 7, 2013, plaintiff Jeffrey Jeffers, while incarcerated at Rikers Island, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On June 14, 2013, he filed an amended complaint. Jeffers's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, Jeffers's complaint is dismissed and I grant him 30 days to amend his due process challenge to being disciplined within the facility.

## BACKGROUND

      Jeffers alleges that on or about May 27, 2013, he was told to move cells by Corrections Officers Lee and Moore. Amend. Compl. at 1. When Jeffers questioned the move Officer Moore responded "there isn't anything to talk about 'pack your shit!'" *Id.* at 1. The two officers then tried to verbally provoke Jeffers by saying things to him, such as "fuck you and your dead mother," knowing that Jeffers's mother had passed away on May 5, 2013. Amend. Compl. at 2. Jeffers states that the officers also cursed at him, called him names such as "fat washed up whining ass, and old motherfucker." Jeffers was then escorted to the intake area and dorm. *Id.*

Jeffers's phone pin number was also tampered with so that he could not make phone calls for two days. *Id.* at 2-3. Jeffers alleges that "both correctional officers were in violation when they had other staff or go themselves into the phone systems (computers) and had my phone pin # tampered with as a retaliation act against plaintiff." Amend. Compl. at 7. Jeffers filed two grievances "in which nothing was done and my pin # was used to the amount $27 was deducted out of my inmate account for calls I never made . . ." Amend. Compl. at 3. He further alleges he was "written an infraction for my argument with C.O. Moore in which I received 40 days in S.H.U. for her false statement and . . . infraction, which was done to cause me duress, hardship, emotional distress . . ." and he was "deprived of everyday prison life as well as cruel and unusual punishment a violations of his Eighth amendment rights." Amend. Compl. at 4 and 8. Jeffers seeks $400,000 in damages. Amend. Compl. at 8-9.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and I am required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest claims it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, I must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a

civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.  Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  *Id*.; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

In order to maintain a section 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)).  Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress. . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach,* 165 F.3d 137, 142 (2d Cir. 1999).  A civil rights complaint must contain "specific allegations of fact that indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient" to state a claim under section 1983.  *See Morpurgo v. Inc. Village of Sag Harbor,* 697 F.Supp.2d 309, 341 (E.D.N.Y. 2010) (citations omitted).

Here, plaintiff alleges, *inter alia*, that his Eighth and Fourteenth Amendment rights were violated by defendants.  The Eighth Amendment prohibits the imposition of cruel and unusual punishment and guarantees convicted prisoners humane conditions of confinement. "[A] person detained prior to conviction receives protection against mistreatment at the hands of

3

prison officials under the Due Process Clause of the Fifth Amendment if the pretrial detainee is held in federal custody, or the Due Process Clause of the Fourteenth Amendment if held in state custody." *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). In any case, the standard is the same. *Id*. at 72. ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.")

"To determine whether a punishment is cruel and unusual, courts must look beyond historical conceptions to 'the evolving standards of decency that mark the progress of a maturing society.'" *Graham v. Florida,* 560 U.S. 48 (2010) (quoting *Estelle v. Gamble,* 429 U.S. 97, 102 (1976)). The Supreme Court held that "[t]he Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)); *Walker v. Schult,* No. 12-cv-1806, 2013 WL 2249159, at *4 (2d Cir. May 23, 2013).

To state a claim based on conditions of confinement, plaintiff must allege that: (1) objectively, the deprivation he suffered was "sufficiently serious that he was denied the minimal civilized measure of life's necessities," and (2) subjectively, the defendant official acted with "a sufficiently culpable state of mind. . . , such as deliberate indifference to inmate health or safety." *Gaston v. Coughlin,* 249 F.3d 156, 164 (2d Cir. 2001) (quoting *Farmer*, 511 U.S. at 834 (1994)) (internal quotation marks omitted); *Jabbar v. Fischer,* 683 F.3d 54, 57 (2d Cir. 2012).

First, Jeffers's allegation of inconvenience from being unable to use the telephone for two days and that his pin number was tampered with, which resulted in $27 being taken out of his account, fails to allege a serious deprivation of basic human needs that would suggest a violation of his constitutional rights. *See Weiss v. Inc. Village of Sag Harbor*, 762 F.Supp.2d

4

560, 568 (E.D.N.Y. 2011) (to state a cognizable § 1983 claim plaintiff must allege a deprivation of a right guaranteed by the Constitution).  In addition, "allegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged." *Johnson v. Eggersdorf*, 8 Fed.Appx. 140, 143 (2d Cir. 2001) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) ("The claim that a prison guard called Purcell names also did not allege any appreciable injury and was properly dismissed.")).

Next, Jeffers claims that his constitutional due process rights were violated by being placed in a segregated housing unit ("SHU") for 40 days, as punishment for his argument with Correction Officer Moore.  I construe his complaint as raising a due process violation. "[R]estrictions on pretrial detainees that implicate a liberty interest protected under the Due Process Clause may not 'amount to punishment of the detainee.'" *Benjamin v. Fraser*, 264 F.3d 175, 188 (2d Cir. 2001) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  "Absent a showing of an expressed intent to punish, the determination whether a condition is imposed for a legitimate purpose or for the purpose of punishment 'generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Benjamin*, 264 F.3d at 188 (alteration in original) (quoting *Bell*, 441 U.S. at 538).  Under this standard, "pretrial detainees need not show that an imposed restraint imposes atypical and significant hardships to state deprivation of a liberty interest protected by procedural due process." *Benjamin*, 264 F.3d at 188–89; *see e.g., Resnick v. Hayes*, 213 F.3d 443, 448 (9thCir. 2000) (reading *Sandin v. Conner*, 515 U.S. 472, 484 (1995) to mean that a pretrial detainee, unlike a convicted prisoner, has a liberty interest in not being placed in disciplinary segregation.) .

5

Here, Jeffers states, "I was also written an infraction for my argument with C.O. Moore in which I received 40 days in S.H.U. for her false statement and false infraction, which was done to cause me duress, hardship, emotional distress." Amend. Compl. at 4.  Specifically, he alleges he was placed in SHU due to his argument with Officer Moore.  Jeffers has failed to allege facts sufficient to raise a plausible claim of a due process violation.  He alleges excessive punitive segregation, but he fails to allege the content of Moore's false charges against him, when or how they were presented to him or what, if any, process he sought and/or received in relation to those charges.  He will be afforded an opportunity to remedy those defects, as discussed below.

Finally, Jeffers's claims against the City of New York must be dismissed since he has failed to allege facts demonstrating that an officially adopted policy or custom of the City of New York caused a violation of his federally protected rights.  *See Bd. of County Comm'rs of Bryan County, OK v. Brown*, 520 U.S. 397, 403-04 (1997); *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. and N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks omitted); *see also Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) (stating that a mere assertion of a custom or policy is not sufficient to sustain a § 1983 claim against a municipal defendant in the absence of any allegations of fact).  Jeffers names the City of New York in the caption of his complaint, but does not make any mention of this defendant in the body of his complaint, much less allege facts to support a *Monell* claim.

6

**CONCLUSION**

Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Jeffers is granted 30 days leave from the date of this order to file an amended complaint as to his SHU due process claim only. *Cruz v. Gomez,* 202 F.3d 593 (2d Cir. 2000). To the best of his ability Jeffers should identify as defendants those individuals who had some personal involvement in his placement in SHU and describe the role he or she played in the alleged deprivation of his rights. Further, Jeffers should provide the dates and locations for each relevant event, including the dates of any disciplinary charges, hearings or appeals and he should attach any relevant and available documents.

No summons shall issue at this time and all further proceedings shall be stayed for 30 days.[1] If Jeffers fails to file an amended complaint, judgment dismissing this action without prejudice shall be entered. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: September 27, 2013
Brooklyn, New York

---

[1] At this time, Jeffers's request for a telephone conference is denied. Dkt. Nos. 14, 18, 20. The Court is aware that Jeffers anticipates being released from prison "by the end of November 2013 or no later than December 2013." Dkt. No. 14.